# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Raquel Escalante, individually and on behalf of her daughter B.E. | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | ) Case No.<br>) Division |
| LifePoint Hospital dba Western Plains Medical Complex;<br>Dodge City Medical Center, Chartered;<br>Family Practice Associates of Western Kansas LLC;<br>Tanya Williams; and<br>Samir Shaath | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT

Comes Now Raquel Escalante on behalf of her daughter, B.E., a minor, and for her claims for relief against the Defendants, and alleges and states the following:

## THE PARTIES

1. Plaintiff Raquel Escalante is the mother of B.E. B.E. is a minor. Plaintiffs live in Lancaster, Texas.

2. Defendant LifePoint Hospital Inc. and HSCGP LLC dba Western Plains Medical Complex (hereinafter "Western Plains") is a hospital and/or medical provider authorized to do business in the State of Kansas and is engaged in providing healthcare services for individuals such as Plaintiffs. Western Plains is located at 3001 Avenue A Dodge City, KS 67801. LifePoint is a foreign company headquartered at 330 Seven Springs Way, Brentwood, TN 37027 and registered in the state of Kansas as HSCGP,

LLC. This defendant can be served via HSCGP's registered agent The Corporation Company Inc. at 112 SW 7th St suite 3c, Topeka KS 66603.

3. At the time of the negligent acts and occurrences complained of herein, and at all times mentioned, Defendant Western Plains was acting by and through its actual, ostensible, or apparent agents and employees, including but not limited to Defendants Tanya Williams and Samir Shaath, in providing treatment to Plaintiffs.

4. Defendant Dodge City Medical Center, Chartered (hereinafter "Dodge City Medical) is a medical practice authorized to do business in the State of Kansas and is engaged in providing healthcare services for individuals such as Plaintiffs. Dodge City Medical can be served through its registered agent Dodge City Medical at 2020 Central Ave. Dodge City, KS 67801.

5. Samir Shaath is a medical doctor who provided health care services to plaintiffs. At the time of the negligent acts and occurrences complained of herein and at all times herein mentioned, Defendant Shaath was an employee, agent and/or servant of Defendant Western Plains and/or Dodge City Medical Center, Chartered located at 2020 Central Ave. Dodge City, KS 67801. Defendant Shaath can be served at Dodge City Medical at 2020 Central Ave. Dodge City, KS 67801.

6. Defendant Family Practice Associates of Western Kanas LLC (hereinafter "Family Practice") is a medical practice authorized to do business in the State of Kansas and is engaged in providing healthcare services for individuals such as Plaintiffs. Family Practice can be served through its registered agent Roger Trotter at 120 W Ross Blvd, Dodge City, KS 67801.

7. Tanya Williams is a medical doctor who provided health care services to plaintiffs. At the time of the negligent acts and occurrences complained of herein and at all times herein mentioned Defendant Williams was an employee, agent and/or servant of Defendant Western Plains and/or Family Practice. Defendant Williams can be served at Family Practice at 120 W Ross Blvd, Dodge City, KS 67801.

## JURISDICTION & VENUE

8. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because all Defendants reside in this district.

10. Plaintiff designates Kansas City, Kansas as the place of trial and the specific venue of this action.

## FACTS

11. Defendants provided care and treatment to Raquel Escalante during her pregnancy.

12. More specifically, Defendant Dr. Tanya Williams, a family practice physician, provided prenatal and post natal care and treatment to Raquel and B.E.

13. Similarly, Defendant Dr. Samir Shaath, an OBGYN, provided prenatal and postnatal care and treatment to Raquel and B.E.

14. Raquel had previously given birth to 3 large babies.

15. During her initial pre-pregnancy care Raquel measured 5 ft 3in and weighed 176 pounds. Over the course of her pregnancy Raquel gained 62 pounds.

16. On approximately May 3, 2010 Defendant Dr. Shaath consulted with Raquel, performed an ultrasound, estimated fetal weight at 8 pounds 12 ounces, depicted the fetus to be in breech position, and recommended cesarean section.

17. The cesarean section was schedule for May 13, 2010, and later cancelled.

18. On approximately May 19, 2010 another ultrasound was completed and the fetus was determined to be in the transverse position with the fetal head to the maternal left.

19. Thereafter, Dr. Williams determined that the patient was in the cephalic presentation and scheduled induction of labor on May 23, 2010 because the fetus was too big.

20. On approximately May 23, 2010 Raquel presented and was admitted to Western Plains for labor and deliver, at 38 weeks gestational period.

21. Thereafter cytotec induction commenced.

22. On May 24, 2010, at approximately 1:25am Dr. Shaath consulted, performed an exam, noted Raquel was "clinically big", and noted history of large babies.

23. Dr. Shaath subsequently artificially ruptured the membranes.

24. At approximately 8:25am on May 24, 2010 Dr. Shaath reexamined Raquel and noted complete dilation.

25. Dr. Williams also examined Raquel and confirmed complete dilation.

26. At approximately 12:50pm on May 24, 2010 vacuum extraction was performed.

27. At approximately 12:54pm on May 24, 2010 Raquel gave birth to B.E.

28. Upon birth, B.E. weighted 13 pounds 1 ounce.

29. Subsequent to birth B.E. suffered permanent injury resulting right birth brachial plexus palsy.

## CLAIMS
## COUNT I – MEDICAL NEGLIGENCE

30. Plaintiffs, for their cause of action against all Defendants, state and allege as follows:

31. Plaintiffs incorporate by reference all previous paragraphs, as though fully set forth herein.

32. At all times relevant, Defendants had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by like members of their respective professions in the care and treatment of Plaintiffs.

33. Defendants breached their duties and are responsible for the following acts of negligence and carelessness:

   a. Failing to properly investigate obvious signs of macrosomia with further ongoing ultrasound measurements;

   b. Ignoring multiple risk factors to fetal macrosomia including obesity, weight gain, and small stature;

   c. Failing to perform follow up testing during Raquel's pregnancy, including glucose tolerance test;

   d. Inducing labor (through the rupture of membranes) without doing an estimated fetal weight when the medical providers knew or should have known that this is a very large baby and did nothing, including an obstetric ultrasound at the time of the rupture, to determine it more specifically;

   e. Allowing a macrosomia baby in utero to labor vaginally for far too long;

   f. Doing a vacuum extraction where they pulled the baby's head through the birth canal but left the shoulder behind it so that she was "stuck";

   g. Once there was shoulder dystocia the obstetrician should have declared a fetal emergency immediately asking at least 2 nurses to lift the legs up with a slight arch to

the pelvis and do a McRoberts maneuver gently rotating the shoulders and having suprapubic pressure placed on the baby (not fundal pressure);

h   Performing a quick and traumatic delivery;

i.   Failing to perform a caesarian section at the time of the rupture of membranes;

j.   Failing to have appropriate, certified, and licensed medical personnel available for labor and deliver;

k.   Failing to provide informed consent associated with the risk of vaginal delivery given the facts and circumstances.

34.   As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiffs suffered dangerous and preventable injuries, which resulted in harm to Plaintiffs, specifically including shoulder dystocia, arm weakness, right birth brachial plexus palsy, and all associated medical complications, surgeries, and harm.

35.   As a direct and proximate result of the careless and negligence of Defendants, Plaintiffs incurred substantial expenses including but not limited to:

a.   the medical care, treatment, and expense for Raquel Escalante,
b.   the medical care, treatment, and expense for B.E.,
c.   the expense of B.E.'s past, present, and future medical care,
f.   lost wages;

36.   As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiffs have endured:

a.   physical pain and suffering;
b.   the loss of quality of life,
c.   emotional distress,
d.   disability.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests for the following relief from Defendants.

- For actual damages suffered by Plaintiffs in an amount to be determined by the jury, not to exceed $10 million dollars;

- For punitive damages in an amount to be determined by the jury against each of the Defendants who have been responsible for extreme departures from accepted standards of care and for willful, wanton, reckless, and intentional conduct; and

- For costs, expenses, and such other relief as is just and appropriate.

**WHEREFORE**, having stated the above cause of action against Defendants, Plaintiff respectfully requests judgment against Defendants for damages that are fair and reasonable for the injuries to Plaintiffs, for costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues.

## DESIGNATION OF TRIAL

Pursuant to D. Kan. Rule 402, Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully Submitted,

/s/ Mark Schloegel
Mark Schloegel
The Popham Law Firm, P.C.
712 Broadway, Suite 100
Kansas City, Missouri 64105
Phone:  (816)512-2626
Fax:      (816)221-3999
mschloegel@pophamlaw.com

/s/ Stanley R. Ausemus
Stanley R. Ausemus, Chartered
413 Commercial St.
Emporia, KS 66801
Phone - (620) 342-8717
Fax - (620) 342-7159
stanley@srclaw.com

ATTORNEYS FOR PLAINTIFF