# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| RAQUEL ESCALANTE, *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LIFEPOINT HOSPITAL dba WESTERN ) <br> PLAINS MEDICAL COMPLEX, *et al.* ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 17-2035-JWL-KGG |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION FOR ORDER FOR MEDICAL RECORDS**

Defendant Lifepoint Hospital dba Western Plains Medical Complex (herein "Defendant" or "Western Plains") has moved for the Court to enter orders "authorizing the inspection and reproduction of plaintiffs' medical records and permitting *ex parte* interviews with plaintiffs' treating health care providers." (Doc. 39.) For the reasons set forth herein, the motion is **GRANTED**.

This is a medical malpractice case in which it is undisputed that the medical conditions of Plaintiff and her minor daughter (on behalf of whom she is suing) are at issue. Plaintiff objects to the motion, however, as to Defendant's requested authorization to speak to the health care providers outside the presence of Plaintiff's counsel. (*See generally* Doc. 41.)

1

Defendant's request implicates the Health Insurance Portability and Accountability Act of 1996 ("the Act" or "HIPAA"). The Act prohibits the unauthorized disclosure or misuse of protected health information by entities its covers. "HIPAA, however, does not prohibit all disclosures; rather, it imposes procedures on health care providers concerning the disclosure of medical information." *Callahan v. Bledsoe*, No. 16-2310-JAR-GLR, 2017 WL 590254, at *1 (D. Kan. Feb. 14, 2017) (citing *Harris v. Whittington*, No. 06-1179-WEB, 2007 WL 164031, at *2 (D. Kan. Jan. 19, 2007)).

The Act specifically provides for the disclosure of protected health information in judicial proceedings in following instances:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> > (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
> >
> > (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
> >
> > > (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to

2

> ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e). Thus, the Act clearly provides two separate methods for obtaining protected health information without risking the violation of its terms: (1) by court order authorizing such disclosure or (2) via formal discovery request, such as a subpoena, "when accompanied by certain required assurances and notices." *Callahan*, 2017 WL 590254, at 2.

The Court acknowledges that HIPAA does not expressly provide for *ex parte* interviews of health care providers. It does not, however, expressly prohibit the practice, either. Further, issuing orders which allow for *ex parte* interviews of health care providers is a well-established practice in this district. *Id*. (citing *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013); *Madrid v. Williams*, No. 12–1033–CM, 2012 WL 2339829 (D. Kan. June 19, 2012) (J. Humphreys); *Lowen v. Via Christie Hosps. Wichita, Inc.*, No.

3

10–1201–RDR, 2010 WL 4739431 (D. Kan. Nov. 16, 2010) (J. Sebelius); ***Spraggins v. Sumner Reg'l Med. Ctr.***, No. 10–2276–WEB/KGG, 2010 WL 4568715 (D. Kan. Nov. 3, 2010) (J. Gale, the undersigned); ***Brigham v. Colyer***, No. 09–2210–JWL–DJW, 2010 WL 2131967 (D. Kan. May 27, 2010) (J. Waxse); ***Pratt v. Petelin***, No. 09–2252–CM–GLR, 2010 WL 446474 (D. Kan. Feb. 4, 2010) (J. Rushfelt); ***Sample v. Zancanelli Mgmt. Corp.***, No. 07–2021–JPO, 2008 WL 508726 (D. Kan. Feb. 21, 2008) (J. O'Hara); ***Bohannon v. Baker***, No. 06–1033–MLB, 2006 WL 2927521 (D. Kan. Oct. 12, 2006) (J. Bostwick))

Plaintiff recognizes that Courts in this District routinely grant these motions. (Doc. 41, at 1.) Plaintiff, however, "presents . . . arguments and authorities to preserve this issue for appeal and to discuss a movement in Kansas state courts denying similar motions . . . ." (*Id.*) While the Court acknowledges Plaintiff's arguments and cited state court authorities, the overwhelming balance of authority in this District allows for the type of order and interviews Defendant requests. As such, Defendant's motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order for Medical Records (Doc. 39) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of June, 2017.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge