## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RAQUEL ESCALANTE et al.,

    Plaintiffs,

v.

TANYA WILLIAMS et al.,

    Defendants.

Case No. 17-CV-2035-HLT-KGG

## MEMORANDUM AND ORDER

This is a medical malpractice case in which Plaintiff Raquel Escalante, individually and on behalf of her minor child B.E., alleges that Defendants—physicians Tanya Williams and Samir Shaath—are responsible for an injury to B.E. during birth. Plaintiff designated Kansas City as the place of trial. Defendants filed this Motion for Determination of Place of Trial, seeking to have the trial transferred to Wichita. Docs. 81, 91. Because Plaintiff resides out of state, the events giving rise to the lawsuit occurred in Dodge City, and the large majority of the fact witnesses are in Dodge City and Wichita, the Court grants Defendants' motion and sets Wichita as the place of trial.

## I. BACKGROUND

Plaintiff gave birth to B.E. in 2010 in Dodge City. Plaintiff alleges that Defendants acted negligently while providing prenatal care and labor and delivery care, resulting in a birth injury to B.E. In 2017, Plaintiff sued Defendants, their medical practices, and the hospital where B.E. was delivered. The medical practices and hospital have been dismissed.[1] Plaintiff designated Kansas

---

[1] The dismissed defendants are LifePoint Hospital d/b/a Western Plains Medical Complex; Dodge City Medical Center, Chtd.; and Family Practice Associates of Western Kansas LLC ("FPAWK"). Therefore, Dr. Williams and Dr. Shaath are the only remaining defendants.

City, Kansas, as the place of trial. Defendants filed a motion to have the trial transferred to Wichita pursuant to District of Kansas Rule 40.2.

## II. STANDARD

Rule 40.2 requires the parties to indicate where they desire trial to be held. D. Kan. Rule 40.2(a), (d). The court is not bound by these requests and may designate a different place for trial upon motion or in its discretion. D. Kan. Rule 40.2(e). If a motion is filed, the party seeking to move the location of trial bears the burden of showing that the plaintiff's desired location is inconvenient. *P.F. v. Hetzel*, 2017 WL 5904032, at *1 (D. Kan. 2017). Generally, unless the balance weighs strongly in favor of changing the location of trial, the plaintiff's desired location should rarely be disturbed. *Id.* at *1. Some courts of this district have characterized the burden as requiring the moving party to show that the current location is "substantially inconvenient," not merely that its desired forum is "marginally more convenient." *E.g.*, *Hetzel*, 2017 WL 5904032, at *1; *Spires v. Hosp. Corp. of Am.*, 2006 WL 1642701, at *1 (D. Kan. 2006).

## III. ANALYSIS

In considering motions to change the place of trial, courts of this district generally apply the factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *Spires*, 2006 WL 1642701, at *1.[2] Those factors are: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other practical considerations that make a trial easy, expeditious, and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991); *Spires*, 2006 WL 1642701, at *2.

---

[2] Although 28 U.S.C. § 1404(a) is not technically applicable because Kansas has only one judicial district and division, § 1404(c) states that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

The first factor, Plaintiff's choice of forum, is an important consideration. Its weight declines significantly, though, if Plaintiff is not a resident of the forum or if the events giving rise to the lawsuit "have no material relation or significant connection" to the chosen forum. *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993); *Spires*, 2006 WL 1642701, at *2. Both circumstances are true here: Plaintiff resides in Lancaster, Texas, and all material events giving rise to the lawsuit occurred in Dodge City, not Kansas City. For these reasons, the Court gives little, if any, weight to Plaintiff's choice of city.

The second factor, the convenience of the witnesses, is arguably the most important factor. *Cook*, 816 F. Supp. at 669; *Spires*, 2006 WL 1642701, at *3. The substantial majority, if not all, of the non-party fact witnesses regarding Plaintiff's prenatal care and labor and delivery care are in Dodge City. In all, Defendants have identified as likely witnesses more than ten physicians, nurses, and therapists from Dodge City, as well as two physicians from Wichita who treated B.E. immediately after birth.

Conversely, Plaintiff has identified five healthcare providers who saw B.E. at Children's Mercy Hospital in Kansas City. Two are physicians who have since moved out of state, so attending trial at either location would be equally inconvenient. The remaining physician assessed but did not treat B.E., and the relevance of the other providers' care of B.E. to this case is obscure.[3] The only other person Plaintiff identified in Kansas City is the guardian ad litem. Plaintiff has failed to explain this witness's significance to this case.[4]

---

[3] Each saw B.E. only once, for "wrist splints." They are unlikely to be called as witnesses.

[4] Plaintiff and B.E. live in Texas and are closer to Wichita than to Kansas City. B.E.'s current physician lives in Texas and will have to travel to either location. Two of Plaintiff's experts are in Kansas City and two are in Florida. The Court gives no weight to the convenience of experts, who typically are paid for their time. Both Kansas City and Wichita have commercial airports, so each are accessible to out-of-state witnesses. If the Court were to consider the convenience of counsel, it would not sway the balance. Plaintiff's counsel are in Kansas City and Emporia and Defendants' counsel are in Wichita and Great Bend.

If trial were held in Kansas City, the Dodge City witnesses would have to travel twice as far (approximately 330 miles to Kansas City, versus 150 miles to Wichita). Driving to Kansas City would take them about five hours and require the witnesses to stay overnight even if only testifying on one day. The Wichita witnesses would have to travel about 200 miles to Kansas City and driving would take them about three hours. The Court finds the convenience of the witnesses factor strongly favors setting Wichita as the place of trial.

The third factor is the accessibility of witnesses and sources of proof. Neither party raises concerns about the ability to compel witnesses to testify. The sources of proof concerning the events underlying this lawsuit are the medical records from Defendants' offices and the hospital in Dodge City. Some treatment records are at Children's Mercy Hospital in Kansas City. In this age of electronic medical recordkeeping, the "location" of records holds little importance in determining convenience. *See Hetzel*, 2017 WL 5904032, at *2. To the extent that physical files are needed, there is no significant difference between transporting them to Wichita or to Kansas City. The Court gives no weight to this factor.

The fourth factor is the possibility of obtaining a fair trial. Plaintiff has not argued that she could not receive a fair trial in Wichita, and the Court knows of no reason that Plaintiff could not have a fair trial in either city. The Court gives no weight to this factor.

The final factor includes "all other practical considerations that make a trial easy, expeditious, and economical." *Chrysler Credit Corp.,* 928 F.2d at 1516. As discussed above, traveling to Wichita would be much quicker and more economical for the witnesses from Dodge City and Wichita. Traveling to Kansas City would take the healthcare providers away from their practices longer, burdening both them and their patients, in an already-underserved region. *See Spires*, 2006 WL 1642701, at *3 (giving weight to this concern). These considerations are

magnified because the trial is estimated to take fourteen days. The Court finds that the practical considerations weigh in favor of setting Wichita as the place of trial.

The two factors that carry weight in this analysis, the convenience of the witnesses and the practical considerations for trial, both strongly favor holding trial in Wichita. The Court finds Defendants have met their burden to show that trial in Kansas City would be substantially inconvenient.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Motion for Determination of Place of Trial (Doc. 81) is GRANTED. The Court designates WICHITA as the location of trial.

DATED: September 11, 2018         /s/ *Holly L. Teeter*

                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE