# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

RAQUEL ESCALANTE, *et al.*, )
                                            )
                 Plaintiffs, )
                                            )
vs. ) Case No. 17-2035-JWL-KGG
                                            )
LIFEPOINT HOSPITAL dba WESTERN )
PLAINS MEDICAL COMPLEX, *et al*. )
                                            )
                 Defendants. )
_____ )

# MEMORANDUM AND ORDER ON
# DEFENDANT'S OBJECTION AND MOTION FOR PROTECTIVE ORDER

Defendant Tanya Williams, M.D. (herein "Defendant") has moved for the Court for an Order than she need not respond to Plaintiffs' Second Request for Production. (Doc. 129.) For the reasons stated herein, Defendant's motion is **GRANTED**.

## BACKGROUND

This is a medical malpractice case in which Plaintiffs allege that Defendants provided negligent medical care during the prenatal care and birth of B.E., a minor. More specifically, Plaintiffs allege that B.E. "suffered permanent injury resulting right birth brachial plexus palsy." (Doc. 1, at 5.)

Pursuant to the Revised Scheduling Order entered December 5, 2018, "[a]ll

discovery in this case must be commenced or served in time to be completed by **January 30, 2019**." (Doc. 112 at 2, emphasis in original.) Two days before the close of discovery, on January 28, 2019, Plaintiffs served Defendant with their Second Requests for Production of Documents. (Doc. 120.) The requests sought information regarding defense experts. (Doc. 129-1.)

Defendant served her expert witness designations on August 24, 2018. (Doc. 96.) Defendant also provided some potential dates for depositions of the experts. (Doc. 129, at 3; Doc. 129-7.) Plaintiffs' counsel did not respond until October 1, 2018, requesting deposition dates. (*Id.*) Various communication between the parties regarding deposition scheduling occurred over the next several weeks. (*Id.*; *see also* Doc. 134, at 2-3.) At that time, the discovery deadline was scheduled for November 23, 2018 (Doc. 65), so the parties ultimately agreed to request an extension from the Court. This resulted in the Revised Scheduling Order which included the January 30, 2019, discovery deadline. (Doc. 112.)

Two of Defendant's experts were deposed in January – Dr. O'Hara on January 4, 2019, and Dr. Mandel on January 21, 2019. (Docs. 129-4, 129-5.) The document requests at issue relate to topics that were addressed during the depositions and/or information that was requested in the deposition notices. (*See* Doc. 134, at 3-6.) The document requests were served a week after Mandel's deposition and 24 days after O'Hara's deposition.

# **DISCUSSION**

Protective Orders are governed by Fed.R.Civ.P. 26(c), "which confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ). *See also* *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995); *Terry v. Unified Gov't of Wyandotte Co.*, No. 09-2094-EFM-KGG, 2011 WL 795816 (D. Kan. March 1, 2011). The rule provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \* \* \*
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> \* \* \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; ....

Fed.R.Civ.P. 26(c)(1).

Defendant asks the Court to sustain her objections to the discovery and enter the requested Protective Order because Plaintiffs' requests were served "weeks out of time" pursuant to the Revised Scheduling Order and Plaintiffs "did not move to extend the deadline." (Doc. 129, at 5.) Thus, according to Defendant, the Court should enter an Order protecting her from the "undue annoyance of responding to untimely discovery." (*Id.*)

Plaintiffs acknowledge it has been "difficult" for the parties to schedule depositions but contends Plaintiffs are not solely to blame. (Doc. 134, at 2.) The Court understands the difficulty of coordinating calendars between multiple parties, their counsel, and medical experts.

The fact remains, however, that the discovery requests were served in an untimely manner. The Revised Scheduling Order – which was altered specifically to enable expert depositions – includes the unambiguous language that "[a]ll discovery … must be commenced or served in time to be completed by **January 30, 2019**." (Doc. 112, at 2 (emphasis in original).) Plaintiffs did not move to extend this deadline or request permission from the Court to conduct the discovery out of time. Rather, Plaintiffs merely served discovery requests <u>two days</u> before the expiration of this deadline – which was four weeks <u>after</u> the last day the requests could be served to be answered in a timely manner.

Plaintiffs point out that the information requested was not "learned" until the depositions on January 4 and 21, 2019. (Doc. 134, at 7.) Thus, Plaintiffs argue "[i]t would have been impossible to requests such information 30 days before January 30, 2019 …" (*Id.*) While the Court acknowledges this circumstance, the document requests were clearly out of time. The motion before the Court is a motion for a protective order filed by Defendant, not a timely motion to extend the discovery deadline or a request to conduct discovery out of time – either of which could have been filed by Plaintiffs but was not.

The Court thus **sustains** Defendant's timeliness objection. Plaintiffs' discovery will not be allowed because of the timing under the facts presented. Plaintiffs have provided no valid justification for a failure to request an extension of the discovery deadline or a request to conduct discovery out of time. Defendant's motion (Doc. 129) is **GRANTED**. As such, the Court need not address the merits of Plaintiff's requests.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 129) is **GRANTED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 19th day of April, 2019.

                                              S/ Kenneth G. Gale  
                                              KENNETH G. GALE  
                                              United States Magistrate Judge